IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13-00889 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERRYANNE L. CHRISTIE, FKA | ) | |
| Sherryanne L. St. Cyr, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF COURT ORDER DENYING MOTION FOR RELEASE PENDING REVIEW**

On August 15, 2017, this Court issued the Order Denying Petitioner's Motion for Release Pending Review ("8/15/17 Order"). [Dkt. no. 112.]  Before the Court is Defendant/Petitioner Sherryanne L. Christie's ("Christie") motion for reconsideration of the 8/15/17 Order ("Motion for Reconsideration"), filed on September 15, 2017.  [Dkt. no. 116.]  Plaintiff/Respondent United States of America ("the Government") filed its memorandum in opposition on September 22, 2017, and Christie filed her reply on October 27, 2017.  [Dkt. nos. 122, 123.]  The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  Christie's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant background is set forth in the 8/15/17 Order, and only the portions relevant to the Motion for Reconsideration will be repeated here.

On June 22, 2017, Christie filed a Motion for Release Pending Review ("Bail Motion"), [dkt. no. 93 (Bail Motion), 94 (Mem. in Supp. of Bail Motion),] which was construed as a motion for release on bail pending the ultimate disposition of her Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), [filed 4/27/17 (dkt. no. 78)]. In the Bail Motion, Christie argued that there are extraordinary circumstances warranting bail pending review because, if this Court grants her § 2255 Motion, the charge that she was convicted of will be dismissed. In the 8/15/17 Order, this Court concluded that none of the grounds alleged in Christie's § 2255 Motion would automatically result in Christie avoiding all possibility of further incarceration for the charges against her. Thus, the Bail Motion effectively alleged that, if she prevails on one of the grounds asserted in her § 2255 Motion and she is resentenced, she may ultimately receive a sentence that is lower than the term of imprisonment she has already served. The Bail Motion was denied because this does not constitute the type of "extraordinary or exceptional

circumstances" required for bail pending review of a § 2255 Motion. [8/15/17 Order at 6.]

In the Motion for Reconsideration, Christie argues that, in concluding that none of the grounds asserted in the § 2255 Motion would automatically allow her to avoid all possibility of further incarceration for the charges against, this Court misconstrued the grounds in § 2255 Motion. She also argues that the 8/15/17 Order did not take into account material facts and violations of state and federal law, including government reaching, particularly by the County of Hawai`i Police Department. Christie states that, if she had known about these actions, she would not have pled guilty. According to the Motion for Reconsideration, if Christie prevails on the § 2255 Motion, she will file a 18 U.S.C. § 3504 motion to force the Government to disclose the violations of state and federal law, and she will file a 18 U.S.C. § 2515 motion to exclude the illegally obtained evidence.[1] Further, Christie argues that the government

---

[1] Section 3504(a) states, in pertinent part:

> In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States–
>
> > (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall
>
> (continued...)

overreaching would support her entrapment defense at trial. Christie also contends that the government overreaching – which she contends rose to the intentional commission of federal and state crimes – constitutes extraordinary circumstances warranting release pending review.

**STANDARD**

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules") states: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." "Motions for reconsideration after a final order are available in § 2255 cases," pursuant to Fed. R. Civ. P. 59(e) or 60(b). <u>Vo v. United States</u>, Civil No. 07-00052 ACK-BMK, 2007 WL 2893654, at *1 (D. Hawai`i

---

[1](...continued)
>    affirm or deny the occurrence of the alleged
>    unlawful act[.]

Section 2515 states:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

4

Sept. 27, 2007) (citing <u>United States v. Martin</u>, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Further, "[m]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."  <u>United States v. Hee</u>, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) (listing cases) (citations and quotation marks omitted); <u>see also</u> Crim. Local Rule LR12.3 ("Except as otherwise provided in these Local Criminal Rules, the General and Civil local rules are applicable to criminal cases.").

Therefore, Local Rule 60.1 applies to Christie's Motion for Reconsideration.  Local Rule 60.1 states, in relevant part:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable.  Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> > (a) Discovery of new material facts not previously available;
> >
> > (b) Intervening change in law;
> >
> > (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed. . . .

"A motion for reconsideration must (1) demonstrate reasons why the court should reconsider its prior decision and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  <u>Bruser v. Bank of Haw.</u>,

5

CIVIL NO. 14-00387 LEK, 2016 WL 617403, at *1 (D. Hawai`i Feb. 16, 2016) (citations and internal quotation marks omitted).

**DISCUSSION**

I. <u>**Timeliness of the Motion for Reconsideration**</u>

On August 29, 2017, Christie filed a request for an extension of the deadline to seek reconsideration of the 8/15/15 Order. [Dkt. no. 113.] The request was granted, and the deadline was extended from September 1, 2017 to September 12, 2017. [EO: Court Order Granting Petitioner's Request for an Extension of Time to File a Motion for Reconsideration of the Court's Order of 8-15-17, filed 8/31/17 (dkt. no. 114), at 2.] Christie states that she believes the Motion for Reconsideration, which was filed on September 15, 2017, is timely. [Motion for Reconsideration at 1.]

Christie is currently serving her sentence at the Federal Detention Center in Honolulu. Rule 3(d) of the § 2255 Rules states: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." However, in order to avail herself of this "prison mailbox rule," Christie must comply with Rule 3(d)'s requirements. Rule 3(d) state:

> If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either

>       of which must set forth the date of deposit and
>       state that first-class postage has been prepaid.

Prior to filing the Motion for Reconsideration, Christie was cautioned regarding Rule 3(d)'s requirements. See EO: Court Order Denying Defendants/Petitioners' Ex Parte Motion for Permission to Fax the Court, filed 7/27/17 (dkt. no. 105), at 2.

The Motion for Reconsideration is dated September 12, 2017, but the motion is not considered to be filed on that date because Christie did not submit a declaration or notarized statement as required by Rule 3(d). Thus, to the extent her motion alleges "[m]anifest error of law or fact," Christie's Motion for Reconsideration is untimely. While those portions of the Motion for Reconsideration could be denied on that basis alone, because of Christie's pro se status and because the Motion for Reconsideration was only filed three days after the deadline, all of Christie's arguments will be considered.

However, Christie is cautioned that even pro se prisoners are expected to comply with the applicable rules and court deadlines. See, e.g., Pauline v. Espinda, No. CIV. 13-00612 HG-RLP, 2014 WL 1370329, at *4 (D. Hawai`i Apr. 7, 2014). Christie is further cautioned that untimely filings may be stricken in the future.

## II. Merits of the Motion for Reconsideration

The Motion for Reconsideration discusses facts that Christie contends support the grounds raised in her § 2255

7

Motion. She contends that, because these were material facts that were not considered in the 8/15/17 Order, they constitute new material facts that were not previously available. Further, Christie argues that these facts establish intentional violations of various state and federal laws, and the failure to consider these violations in the 8/15/17 Order constitutes an error of law that warrants reconsideration of the order. The majority of the Motion for Reconsideration's arguments address whether Christie is likely to succeed on the merits of her § 2255 Motion. See 8/15/17 Order at 3 ("A defendant moving for bail pending the resolution of his § 2255 motion is required to demonstrate both a high probability of success in his habeas motion **and** extraordinary or exceptional circumstances." (emphasis in 8/15/17 Order) (citation and internal quotation marks omitted)). However, the 8/15/17 Order did not address whether there is a high probability that Christie will succeed on the merits of her § 2255 Motion because she failed to establish extraordinary circumstances, and both factors are required for bail pending a ruling on her § 2255 Motion. [Id. at 7.] Thus, the Motion for Reconsideration's arguments regarding the probability of success on the merits will not be considered unless Christie has presented newly discovered evidence of extraordinary circumstances warranting release pending review or established

that this Court committed a manifest error of law or fact in finding that there were no extraordinary circumstances.

The Motion for Reconsideration does not present any newly discovered evidence. Further, the Motion for Reconsideration merely restates arguments that Christie previously presented in connection with the Bail Motion. The fact that Christie disagrees with the 8/15/17 Order's analysis of her arguments does not warrant reconsideration of the order. See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *3 n.4 (D. Hawaii June 2, 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citations and internal quotation marks omitted)). Christie has not established that there was a manifest error of law or fact in the finding that there are no extraordinary circumstances warranting release pending review of the § 2255 Motion. Christie has therefore failed to present any ground warranting reconsideration of 8/15/17 Order.

## CONCLUSION

On the basis of the foregoing, Christie's Motion for Reconsideration of Court Order Denying Motion for Release Pending Review, filed September 15, 2017, is HEREBY DENIED.

9

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 21, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SHERRYANNE L. CHRISTIE; CR 13-00889 LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING MOTION FOR RELEASE PENDING REVIEW**